United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20780
Conference Calendar
_____

CLARENCE H. JONES,

Plaintiff-Appellant,

versus

ALFRED M. STRINGFELLOW; NEILL HODGES, Senior Warden;
CHRISTIAN MELTON CRAIN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1246
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"),

Clarence H. Jones, Texas prisoner # 526716, appeals the district

court's dismissal of his civil rights complaint as frivolous

pursuant to 28 U.S.C. § 1915A(b)(1). Jones argues that the

district court erred in dismissing his complaint without

affording him an opportunity to amend the complaint. He further

argues that he stated a claim under 42 U.S.C. § 1983 when he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alleged that he was deprived of his right to due process by the decision of the Texas Department of Criminal Justice to implement an unpublished rule that adversely affected his parole eligibility, in violation of the Ex Post Facto Clause.

Jones' first argument is without merit. Section 1915A contains no requirement for giving notice to the plaintiff of impending dismissal. See 28 U.S.C. § 1915A; see also Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir. 1998).

Jones' next argument also lacks merit. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995). Jones has not alleged a deprivation of a constitutionally protected right. See Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997) (a change in a prisoner's custodial classification does not affect a protectable liberty interest); Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989) (a prisoner has no constitutional right to a specific work assignment); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (lost or restricted visitation privileges do not implicate any due process concerns); and Creel v. Keene, 928 F.2d 707, 711-12 (5th Cir. 1991) (a prisoner has no constitutionally protected liberty interest in obtaining parole). Because Jones did not allege the deprivation of a constitutionally protected

right, the district court did not err in dismissing his complaint as frivolous. Accordingly, the judgment of the district court is affirmed.

The district court's dismissal of the present case and this court's affirmance of the dismissal count as one strike against Jones for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Jones is warned that, should he accumulate three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.