IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50462
Summary Calendar
_____

THOMAS JACKSON,

Plaintiff-Appellant,

versus

PEDRO E. MARRERO, Etc.; ET AL.,

Defendants,

LEO SAMANIEGO, Individually and in his
official capacity as the Sheriff of
El Paso County, Texas; COUNTY OF EL
PASO, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-1-H
--------------------
January 10, 2002
Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas Jackson appeals the grant of summary judgment for the Sheriff of El Paso County, Texas, Leo Samaniego, and the County of El Paso on his 42 U.S.C. § 1983 claims stemming from injuries to his right hip while being processed by County detention officers. This court reviews the grant of summary judgment de

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo.  See <u>Tolson v. Avondale Indus., Inc.</u>, 141 F.3d 604, 608 (5th Cir. 1998).

A county/municipality cannot be held responsible under a respondeat superior theory of liability.  <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 690-94 (1978).  To establish municipal liability under § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation.  <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 517 (5th Cir. 1995).  "Inadequate, but constitutional policies and decisions rise to the same, actionable plane as the unconstitutional policies . . . only upon a showing that they were enacted or made with deliberate indifference to their possible unconstitutional consequences."  <u>Gonzalez v. Ysleta Indep. Sch. Dist.</u>, 996 F.2d 745, 759 (5th Cir. 1993).

At most, Jackson's evidence demonstrated that whether or not there was a policy to train detention officers regarding disabled detainees like Jackson, the detention officers in question had not been trained and that Jackson's expert's opinion was that the County was deliberately indifferent in its treatment of Jackson.  This court has observed that "plaintiffs generally cannot show deliberate indifference through the opinion of only a single expert."  <u>Connor v. Travis County</u>, 209 F.3d 794, 798 (5th Cir. 2000).  Jackson has not demonstrated that the County was deliberately indifferent, and, thus, there is no genuine issue of material fact and the County is entitled to summary judgment as a matter of law.  FED. R. CIV. P. 56(c).  The judgment of the district court is AFFIRMED.