United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20307
Conference Calendar

BRUCE WILLIS,

Plaintiff-Appellant,

versus

CONSTRUCTION CO.; CONSTRUCTION PARENT COMPANY;
CHEMICAL COMPANY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4943
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bruce Lee Willis, Texas prisoner # 717354, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint for

failure to state a claim. Willis argues that the district court

considered matters outside of the pleadings in determining that

his complaint failed to state a claim and that the court abused

its discretion by rejecting his motion for reconsideration,

wherein he alleged that the defendants were "probably" state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

actors.

Contrary to Willis's assertion, there is no evidence in the record that the district court considered matters outside of the pleadings in determining that his complaint failed to state a claim. All of the factual information set forth in the district court's order dismissing the case came from Willis's complaint.

Willis's complaint does not provide any information concerning the identity of the defendants or their relationship to the state. Accordingly, the district court did not err in dismissing his complaint for failure to state a 42 U.S.C. § 1983 claim. Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995); 42 U.S.C. § 1983.

To the extent that Willis challenges the denial of his FED. R. CIV. P. 59(e) motion, his argument is likewise without merit. Even if the district court were to consider the allegations contained in his Rule 59(e) motion concerning the defendants' status as state actors, Willis has failed to state a claim under 42 U.S.C. § 1983. Willis's allegation that the defendants are "probably" state actors is conclusional and speculative. A district court is not required to accept a plaintiff's conclusional allegations as true. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Accordingly, the district court did not abuse its discretion in denying Willis's Rule 59(e) motion.

The instant appeal is without arguable merit and is therefore DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of Willis's complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Willis has accumulated at least one previous strike.  See Willis v. Bates, No. 02-20532 (5th Cir. Oct. 29, 2002)(unpublished).  Because Willis has now accumulated three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In his appellate brief, Willis incorporates requests for an evidentiary hearing on remand, appointment of counsel, and discovery.  In light of the disposition of this case, his motions are DENIED.  Willis also requests permission to supplement his appellate brief; however, the cases he relies upon are inapposite.  Consequently, his motion is DENIED.

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED; ALL OUTSTANDING MOTIONS DENIED.