United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------
No. 02-41325
--------------------

MARIE M. GREENE,
Plaintiff–Appellant,

v.

PLANO INDEPENDENT SCHOOL DISTRICT and
DOUG OTTO, Superintendent,
Defendants–Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas, Sherman
4:02-CV-118
--------------------

Before JONES, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Marie N. Greene appeals the district court's dismissal of her case under Rule

12(b)(6) of Federal Rules of Civil Procedure. For the following reasons, we affirm.

**I. Background**

Appellant, a teacher at Plano Senior High School ("PSHS"), brought this suit against her

employer, Appellee Plano Independent School District, and its superintendent, Appellee Doug

Otto.[1] Appellant alleges that she suffered physical injuries as a result of her exposure to toxic

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

[1] In her complaint, Appellant sought class action status. The district court dismissed the
case on the pleadings, without addressing class action certification. Because we agree with the

mold while teaching at PSHS. Appellant brought the suit pursuant to 42 U.S.C. §§ 1983 and

1985[2] alleging that Appellees violated her right to due process provided by the Fourteenth

Amendment and that the deprivation of this constitutional right resulted in her injuries.

In Appellant's complaint, she alleged that the PSHS physical plant was poorly designed.

As a result of the poor design, Appellant claimed, mold grew throughout the building

dangerously degrading the building's air quality. Appellant further alleged that, after Appellees

learned of the significant danger posed by the mold, they failed even to attempt to remedy this

dangerous condition, and they failed to warn Appellant of the danger.

Appellant advances the "state created danger theory" as the basis for her claim of a

constitutional violation.[3] This Court has not yet decided whether the state created danger theory

may serve as a basis for a Due Process Clause claim. *See, e.g., McClendon v. City of Columbia*,

305 F.3d 314, 325 (5th Cir. 2002) (en banc) (replacing the panel opinion, 258 F.3d 432 (5th Cir.

---

district court's determination that a constitutional violation has not been pleaded, we need not
further address the proposed class.

[2]      Section 1985 applies only to claims of racial or other class-based discrimination. *See
Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Because Appellant made no such allegation,
the district court properly dismissed this claim. On appeal, Appellant does not challenge the
dismissal of this claim.

[3]      The Supreme Court has noted that "in certain limited circumstances the Constitution
imposes upon the State affirmative duties of care and protection with respect to particular
individuals." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 198 (1989).
Appellant argues that the state created danger theory as presented here is one of the "certain
limited circumstances." This Court, however, has never held that the state created danger theory
is one of the limited circumstances that would rise to the level of a due process constitutional
violation contemplated in *DeShaney*. *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th
Cir. 2002) (en banc); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995); *Johnson v.
Dallas Indep. Sch. Dist.*, 38 F.3d 198, 201 (5th Cir. 1994).

2001), that adopted the state created danger theory).[4]  Because, as discussed below, we must

affirm the district court regardless of whether we adopt the state created danger theory, we do

not decide today whether this theory can ever serve as the basis of a due process violation.

## II. Analysis

We review *de novo* a district court's grant of a motion to dismiss for failure to state claim

under Rule 12(b)(6).  *See, e.g., Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839

(5th Cir. 2004).  "The complaint must be liberally construed in favor of the plaintiff, and all the

facts pleaded in the complaint must be taken as true." *Brown v. Nationsbank Corp*., 188 F.3d

579, 585 (5th Cir. 1999).

To prevail under § 1983, a plaintiff must show that she was harmed because of a

constitutional violation and that the defendants are responsible for the violation.  *See Collin v.*

*City of Harker Heights*, 503 U.S. 115, 120 (1992).  At the motion to dismiss stage, we, therefore,

must determine whether Appellant alleged facts which, if true, amount to a constitutional

violation.[5]

Appellant alleged a Fourteenth Amendment Due Process Clause violation as the sole

---

[4]      This Court has discussed, however, what a plaintiff would be required to show if the Court were to adopt the state created danger theory. *Piotrowski*, 51 F.3d at 515.  To prevail under state created danger theory, a plaintiff must show: 1) "that the state actors increased the danger to her," and 2) "that the state actors acted with deliberate indifference." *Id.*  Moreover, "[r]egardless of the theory of liability that a plaintiff is pursuing, in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *McClendon*, 305 F.3d at 325.

[5]      Local school district liability for a constitutional violation under § 1983 "requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist*., 349 F.3d 244, 247 (5th Cir. 2003).  Because we hold that no constitutional violation occurred, we need not address whether the alleged violation was caused by the school district's official policy.

basis supporting her claim for relief under § 1983. A government employer's failure to warn its employees about known hazards in the workplace, however, does not violate the Due Process Clause even if such a failure is actionable under state law. *Collin v. City of Harker Heights*, 503 U.S. 115, 117 (1992). "Nor does [the Due Process Clause] guarantee [government] employees a workplace that is free of unreasonable risks of harm." *Id.* at 129. That is, a government employer does not violate the Due Process Clause of the Fourteenth Amendment even if it provides a workplace that is unreasonably dangerous and fails to warn its employees of the danger.

By alleging that Appellees failed to remedy the mold situation at her workplace, Appellant necessarily argues that Appellees provided an unreasonably dangerous workplace. Short of providing a safe workplace, Appellant argues, Appellees should have warned her of the known danger. This is the entirety of the averred constitutional violation. As the Supreme Court has taught, this does not rise to the level of a constitutional violation.

Neither Appellees' alleged failure to maintain a workplace free from unreasonable danger nor Appellees' alleged failure to warn Appellant of the danger violates the Due Process Clause. Framing these allegations under the state created danger theory is unavailing. Even if we were to recognize the state created danger theory, we could not fashion the theory so broadly as to permit recovery under the facts Appellant alleges. The Supreme Court in *Collins* precluded us from so doing. Assuming all of Appellant's allegations to be true, therefore, Appellant failed to state a constitutional violation.

### III. Conclusion

Appellant did not allege facts that rise to the level of a Due Process Clause violation.

4

Appellant's only alleged basis for § 1983 relief was this purported due process violation. At its core, Appellant's claim is nothing more than a claim of negligence not rising to the level of a due process violation. *See McClendon*, 305 F.3d at 325. Therefore, Appellant's § 1983 claim fails. There being no other basis upon which relief could be granted, the district court properly dismissed the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, we affirm.

 AFFIRMED.