United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 07-10222
Summary Calendar

GEORGE CORNIA,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH/DALLAS COUNTY JAIL; CTMB;
DALLAS COUNTY JAIL, Medical Records,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1216
---------------------

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

George Cornia, Texas prisoner # 1235882, appeals the district court's dismissal of his civil right complaint, in which he claimed, inter alia, that he was improperly administered Dilantin, an anti-seizure medication. The district court summarily dismissed the civil rights claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and construed the remaining portion of the complaint as an application for a writ of habeas corpus, which it dismissed on limitation grounds. The district court determined

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Cornia's complaint that he was improperly administrated Dilantin was time barred by the applicable limitations period.

On appeal, Cornia argues that his claim regarding the Dilantin was timely or, in the alternative, that the statute of limitations should be tolled in his favor so as to render his claim timely. Cornia also asserts that his habeas corpus petition was timely filed. Cornia, however, has not briefed that claim, and it is deemed waived. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)

We review the dismissal de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). Cornia's complaint was not filed within two years of the date that he learned that he had been improperly given Dilantin, and it is therefore untimely. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995); TEX. CIV. PRAC. AND REM. CODE § 16.003(a). Cornia is not entitled to equitable tolling of the limitations period. See Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999); Helton v. Clements, 832 F.2d 332, 336 (5th Cir. 1987).

AFFIRMED.