# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-10298
Summary Calendar

ALLEN DEWAYNE BATES,

Plaintiff-Appellant

v.

ZANE PRICE, Patrol Officer; RANDY BAKER, Supervisor; JIM MCCASLIN, Chief of Police; THE CITY OF TULIA,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CV-240

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Allen Dewayne Bates, Texas prisoner # 24958, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous because it was barred by the statute of limitations. Bates argues, as he did in the district court, that the defendants violated his Fourth Amendment rights when he was arrested on September 21, 2006. Bates also contends that his cause of action did not accrue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until February 1, 2008, the date on which he was arrested on charges related to the September 21, 2006 arrest.

This court reviews a 28 U.S.C. § 1915 dismissal as frivolous for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Thus, the two-year limitations period began to run on September 21, 2006, the date on which Bates knew of the alleged injury. *See Piotrowski*, 51 F.3d at 516. Because Bates did not sign his § 1983 complaint until December 18, 2008, his claims are barred by the statute of limitations. Bates's appeal is without arguable merit and, thus, frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bates has two previous strikes. *See Bates v. Hill*, No. 5:07-CV-00263 (N.D. Tex. Mar. 13, 2008); *Bates v. Hill*, No. 5:07-CV-00128-C (N.D. Tex. Aug. 13, 2007). Because Bates has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

2