# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40626
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2014

Lyle W. Cayce
Clerk

ERIC WATKINS,

Plaintiff-Appellant

v.

WESTON L., Disciplinary Hearing Office, Beaumont Federal Correctional Complex-Medium,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-18

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Eric Watkins, former federal prisoner # 55630-004, appeals the district court's dismissal of his civil rights complaint against Weston L., a disciplinary hearing officer (DHO) at the Federal Correctional Complex in Beaumont, Texas. He contends that the district court erred in dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as time barred.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40626

Specifically, Watkins argues that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), barred him from filing a civil rights complaint for damages without first obtaining a ruling invalidating or expunging the disciplinary conviction because a favorable ruling on his claims would necessarily imply the invalidity of his disciplinary conviction. According to Watkins, his claims for monetary damages did not accrue until March 18, 2010, the date the incident report was expunged, and, thus, his complaint was filed within the two-year statute of limitations.

We review the grant of a motion to dismiss under Rule 12(b)(6) de novo. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371 (5th Cir. 2008). Because there is no federal statute of limitations for claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), federal courts borrow the forum state's general personal injury limitations period. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). In Texas, the applicable limitations period is two years. *See Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 407 (5th Cir. 2008).

Although Texas law governs the length of the limitations period, federal law determines when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (42 U.S.C. § 1983 case); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (§ 1983 case). A cause of action accrues when the aggrieved party knows, or has sufficient information to know, of the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (§ 1983 case). However, if a judgment in the plaintiff's favor would necessarily imply the invalidity of the disciplinary conviction or affect the duration of his confinement, the claim for damages does not accrue until the conviction is overturned or otherwise invalidated. *See Wallace*, 549 U.S. at 393; *Heck*, 512 U.S. at 486-87.

No. 13-40626

Watkins's claim that Weston violated his due process and equal protection rights by willfully refusing to issue him a copy of the DHO's written report while providing other similarly-situated inmates with copies of their reports did not implicate the validity of his disciplinary conviction and would not have been barred by *Heck*. *See Heck*, 512 U.S. at 486-87. Therefore, Watkins's cause of action accrued no later than August 28, 2009, when he initiated the administrative remedy process. *See Piotrowski*, 51 F.3d at 516. Even if the statute of limitations was tolled through the conclusion of the administrative remedy process on December 2, 2009, *see Harris*, 198 F.3d at 158, it would have expired two years later on December 2, 2011. Because Watkins's complaint was filed on January 9, 2012, the district court did not err in dismissing this claim as time barred.

However, Watkins also alleged that Weston violated his due process rights by erroneously convicting him of refusing a work or program assignment in violation of Bureau of Prisons Prohibited Act Code 306 and sanctioning him to a loss of 13 days of good time credit, the forfeiture of 10 days of non-vested good time credit, and a three-month impoundment of his personal property. Because a favorable ruling on this claim would necessarily imply that Watkins's disciplinary conviction was invalid, *Heck* barred him from filing a claim for damages without first obtaining a ruling invalidating or expunging the disciplinary conviction. *See Heck*, 512 U.S. at 486-87. Therefore, Watkins's cause of action did not accrue until the incident report was expunged on March 18, 2010, *see Wallace*, 549 U.S. at 393; *Heck*, 512 U.S. at 486-87, and the statute of limitations expired two years later in March 2012. Because Watkins's complaint was filed in January 2012, the district court erred in dismissing this claim as time barred.

No. 13-40626

Accordingly, the judgment of the district court is AFFIRMED in part and VACATED in part, and this matter is REMANDED for further proceedings consistent with this opinion. We intimate no opinion regarding the merits of Watkins's claim.