# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

No. 24-40302

———————

Rodolfo Vela, Sr.; Rodolfo Vela, Jr.; Anna Vela,

*Plaintiffs—Appellants*,

*versus*

Mike Compton, *Sheriff*; Tom Stephens, *Deputy Sheriff*; S. Norie, *Deputy Sheriff*; Judd Jones, *Deputy Sheriff*; Mark Tackett, *State Trooper*; Joni L. McClain, *Medical Doctor*; John Roane, *Justice of the Peace*; Janelle Haverkamp, *District Attorney*; Joseph R. Shires, *Deputy Sheriff*; Aaron Carney, *Chief Investigator for District Attorney*; John Warren, *District Attorney*; Ray Sappington, *Sherriff*; Terry Gilbert, *Former Sheriff*; Jeffrey J. Barnard, *Medical Doctor Chief Medical Examiner*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-145

———————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40302

Rodolfo Vela, Sr., Rodolfo Vela, Jr., and Anna Vela (collectively, "the Velas"), proceeding *pro se*, sued several individuals employed by Cooke County and a Texas State Trooper under 42 U.S.C. § 1983 on account of their failure to investigate and prosecute their relative's death as a homicide. Because the district court correctly dismissed their claims as time barred, we affirm.

## I.

Arturo "Tippy" Vela died on July 5, 2001. The medical examiner performed an autopsy on July 6, 2001 and determined that Tippy died of a drug overdose. After a July 8, 2001 meeting with Cooke County Sheriff Mike Compton, the Velas were so dissatisfied with the investigation into Tippy's death that they commissioned a private autopsy. The private autopsy, which was performed on July 9, 2001 and finalized on August 17, 2001, found that Tippy's cause of death was homicide. On July 12, 2001, Rodolfo, Sr. and Rodolfo, Jr. were arrested by Texas State Trooper Mark Tackett for intoxication. The Velas assert that this arrest was part of a conspiracy between Tackett and the Cooke County Defendants to intimidate the Velas and prevent them from discovering issues with the investigation into Tippy's death. Because of the discrepancy between the two autopsies and these unsatisfactory interactions, the Velas decided that the defendants—various Cooke County employees involved in the investigation and Tackett—had conspired to cover up Tippy's true cause of death.

In the following years, the Velas attempted to pursue justice for Tippy in a variety of ways. At some point, although the Velas do not allege precisely when, they met with Cooke County District Attorney Janelle Haverkamp.[1]

---

[1] District Attorney Haverkamp became a Texas District Judge on January 1, 2005, so this meeting seemingly predated 2005.

No. 24-40302

On July 8, 2003, the Velas filed a wrongful death and premises liability action against their homeowners association regarding Tippy's death. Within that petition, they described how they "became alarmed by circumstances at the scene of [Tippy's] death as well as by statements made by close acquaintances of [Tippy's], and had a second autopsy performed." On October 15, 2020, the Velas met with Aaron Carney, the Chief Investigator for the Cooke County District Attorney. Finally, on February 15, 2022, the Velas allegedly received "the Blackfish Intelligence report," which contained photographs and notes from Tippy's official autopsy, from Cooke County.

On February 9, 2023—over two decades after Tippy's death—the Velas filed the underlying § 1983 lawsuit against the Cooke County Defendants and Tackett. The Cooke County Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that the lawsuit was time barred and therefore failed to state a claim upon which relief can be granted. In the alternative, they argued that they were entitled to either qualified, judicial, or prosecutorial immunity. Tackett filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) asserting lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted due to an expired statute of limitations.

A magistrate judge issued a report and recommendation advising that the Velas' claims against the Cooke County Defendants and Tackett be dismissed with prejudice as time barred. Specifically, the magistrate judge found that Texas's two-year statute of limitations applied. With respect to the Cooke County Defendants, the magistrate judge found that the statute of limitations began to run on either July 8, 2001—the date on which the Velas met with Sheriff Compton—or October 15, 2020—the date on which the Velas met with Chief Investigator Carney. With respect to Tackett, the magistrate judge found that the statute of limitations began to run on July 12, 2001—the

date on which Rodolfo, Sr. and Rodolfo, Jr. were arrested by Tackett. As all of these dates were more than two years before February 9, 2023, the magistrate judge concluded that the statute of limitations barred the Velas' claims.[2]

The Velas filed timely objections to the magistrate judge's report and recommendation. They argued that the statute of limitations did not bar their claims because they did not receive the Blackfish report, which they alleged made them aware of issues with the investigation into Tippy's death for the first time, until February 15, 2022. They further argued that the defendants' fraudulent concealment of the information in the Blackfish report tolled the statute of limitations until their receipt of the report. On the same day, the Velas also filed a motion requesting leave to amend their complaint.

The district court judge adopted the magistrate judge's report and recommendation in full. For multiple reasons, the district court judge did not believe the Velas' "narrative" that they were unaware of issues with the investigation into Tippy's death until their receipt of the Blackfish report on February 15, 2022.  First, the Velas' objections were the first time they more than passively referenced the Blackfish report despite their prolific motion practice. Second, their objections were the first time they ever explicitly claimed they were not aware of issues with the investigation into Tippy's death until their receipt of the Blackfish report. Third, the Velas' conduct between Tippy's death and their filing of this lawsuit undermined their claim that they were unaware of issues with the investigation into Tippy's death until receiving the report. Indeed, the district court found it particularly

---

[2] The magistrate judge also found that Tackett and two of the Cooke County Defendants had never been properly served, warranting a dismissal with prejudice as to the claims against Tackett and a dismissal without prejudice as to the claims against the two Cooke County Defendants. The magistrate judge further recommended that forty-two pending motions be denied as moot.

compelling that the Velas' July 8, 2003 lawsuit mentioned that they had a private autopsy performed because they were concerned by things at the scene of Tippy's death and statements given by Tippy's close acquaintances. The district court judge therefore agreed with the magistrate judge that the Velas' claims were time barred and dismissed them with prejudice. Within this order and without explanation, the district court judge also denied the Velas' motion to amend their complaint.

The Velas timely appealed the district court's dismissal.

## II.

We review orders on 12(b)(6) motions to dismiss for failure to state a claim de novo.[3] *Life Partners Creditors' Tr. v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 116 (5th Cir. 2019). We accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Arnold v. Williams*, 979 F.3d 262, 265 n.1, 266 (5th Cir. 2020). We consider all "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Rule 12(b)(6) dismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## III.

On appeal, the Velas argue that their claims were timely. Specifically, they contend that their claims are not time barred because (1) they did not realize there were issues with the investigation into Tippy's death until they

---

[3] Because the statute of limitations issue is dispositive, we confine our review to the district court's Rule 12(b)(6) dismissal on statute of limitations grounds.

received the Blackfish report on February 15, 2022, and (2) the statute of limitations was tolled until their receipt of the Blackfish report on February 15, 2022 due to defendants' fraudulent concealment of it. They also seemingly argue that their claims should have been dismissed without prejudice rather than with prejudice. We disagree.

The forum state's personal-injury limitations period applies to § 1983 claims. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). In Texas, that is "two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Federal law, not state law, governs when the claim accrues, however. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Accrual occurs "when a plaintiff has 'a complete and present cause of action.'" *Ibid.* (quoting *Wallace*, 549 U.S. at 388). Thus, a statute of limitations "begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)).

To determine whether the limitations period has been tolled, we return to the law of the forum state. *Walker*, 550 F.3d at 415. In Texas, "[a] defendant's fraudulent concealment of wrongdoing may toll the statute of limitations after the cause of action accrues." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) (first citing *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008); and then citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). Notably, however, "[f]raudulent concealment only tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence." *Id.* (citing *Kerlin*, 263 S.W.3d at 925).

Here, the Velas clearly possessed sufficient information to know that they suffered an injury long before they received the Blackfish report on

February 15, 2022. *See Piotrowski*, 51 F.3d at 516. Although the Velas argue that the Blackfish report contained photographs and notes from Tippy's official autopsy that alerted them to issues and to the defendants' fraud, there is no indication that these photographs and notes imparted new information. The Velas' activities in the years immediately following Tippy's death also undercut any suggestion on their part that they did not believe there were issues with the investigation into Tippy's death years before they received the report. At the earliest, they possessed sufficient information to believe there were issues with the investigation into Tippy's death during the summer of 2001 after meeting with Sheriff Compton, getting arrested by Tackett, and receiving the private autopsy results. At the latest, they possessed sufficient information to believe there were issues with the investigation into Tippy's death when they filed their lawsuit on July 8, 2003. Assuming that the latter date is the accrual date, the statute of limitations would have run on July 8, 2005—over seventeen years before the Velas filed the underlying lawsuit.[4] These events—and the knowledge by the Velas they demonstrate—also negate the Velas' claim that the defendants' alleged fraudulent concealment of the Blackfish report tolled the statute of limitations. *See Marshall*, 342 S.W.3d at 67. The Velas' claims are therefore barred by the statute of limitations and were properly dismissed.

To the extent that the Velas challenge the district court's decision to dismiss their claims with prejudice and deny their motion to further amend

---

[4] As described above, the Velas also allege that they met with District Attorney Haverkamp on an unspecified date and with Chief Investigator Carney on October 15, 2020. Neither of these alleged meetings move the needle as they do nothing to contradict the Velas' possession of sufficient knowledge regarding their injuries on July 8, 2003. There is also no indication in the pleadings that the Velas learned anything new at these meetings. In any case, the Velas' claims would still be time barred if they did not accrue until the Velas' October 15, 2020 meeting with Chief Investigator Carney.

their complaint, we find that the district court did not abuse its discretion in doing so as amending the complaint would have been futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (stating that "a district court need not grant a futile motion to amend" and that "[f]utility is determined under Rule 12(b)(6) standards"); *Whitaker v. McDonald*, No. 20-40569, 2022 WL 68972, at *2 (5th Cir. Jan. 6, 2022) (holding that the district court did not abuse its discretion in denying a plaintiff leave to amend his complaint where doing so would have been futile due to an expired statute of limitations).

Accordingly, the district court correctly dismissed the Velas' claims with prejudice and the judgment is, in all respects,

AFFIRMED.