# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 1, 2010

Lyle W. Cayce
Clerk

No. 09-50607
Summary Calendar

STEVE RAMON,

Plaintiff-Appellant

v.

AMALIA RODRIGUEZ-MENDOZA; WILFORD FLOWERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-768

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Steve Ramon, Texas prisoner # 399988, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous because it was barred by the statute of limitations. Ramon argues, as he did in the district court, that the defendants violated his right to access of courts by failing to provide him with criminal trial records of a 1979 conviction. Ramon contends that these documents are necessary to support a federal habeas claim of the denial of his right to counsel. Ramon acknowledges that he has continuously sought these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records since 1997 and filed his most recent request on March 19, 2007. Ramon also contends that his cause of action did not accrue until either March 19, 2007, or March 5, 2008, the date on which this court issued a sanction warning in an order denying Ramon's request to file a successive 28 U.S.C. § 2254 application.

This court reviews a 28 U.S.C. § 1915 dismissal as frivolous for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Ramon's injury from the denial of requests to obtain state court records occurred well before 2007. *See Piotrowski*, 51 F.3d at 516. Additionally, Ramon's argument that the sanction warning issued by this court is an injury giving rise to his cause of action is without merit. The defendants' actions did not cause this court to issue a sanction warning. Because Ramon did not sign his § 1983 complaint until August 29, 2008, his claims are barred by the statute of limitations. Ramon's appeal is without arguable merit and, thus, frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ramon is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.