# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2011

Lyle W. Cayce
Clerk

No. 10-41208
Summary Calendar

ARTHUR POULOS,

Plaintiff-Appellant

v.

JANE JONES,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-449

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arthur Poulos, Texas prisoner # 748344, appeals the 28 U.S.C. § 1915A dismissal of his 42 U.S.C. § 1983 complaint as frivolous because it was barred by the applicable statute of limitations. In his complaint, he alleged that on February 28, 2005, he sent a motion for DNA testing to Jane Jones, the County Clerk of Delta County, who failed to file it.

Generally, we review § 1915A dismissals as frivolous for an abuse of discretion. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). However, because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41208

Poulos failed to file objections to the magistrate judge's report, review is for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To show plain error, Poulos must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Texas has a two-year limitations period for personal injury actions. TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Poulos's claim accrued no later than February 28, 2005, the date he alleged he sent the motion for DNA testing to Jones. He complained of no other event which could serve as a trigger date for the running of the limitations period. Accordingly, the limitations period expired on February 28, 2007, more than three and half years before Poulos filed his complaint on September 7, 2010. *See Piotrowski*, 51 F.3d at 516. Although Poulos now contends that he sent other motions for DNA testing on October 24, 2008, and filed a motion for a writ of mandamus on December 1, 2008, seeking to have the state court answer his habeas application, these assertions are raised for the first time on appeal and will not be considered. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

No. 10-41208

Poulos's appeal is without arguable merit and, thus, frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal as frivolous count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Poulos is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.