**Charles Winton LAND,**
**Plaintiff–Appellant**

v.

**Gina STONE; Jose Rodriguez; George Greenway; Kevin Rhodes; Texas Department of Public Safety; Texas Highway Patrol, Defendants–Appellees.**

No. 11–10147

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 2011.

Charles Winton Land, Dallas, TX, pro se.

Christopher Lee Lindsey, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before KING, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

Charles Winton Land seeks leave to proceed to proceed in forma pauperis (IFP) in his appeal challenging the dismissal of a civil rights lawsuit against various Texas state troopers and agencies. The district court dismissed Land's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure after determining that he had failed to state a claim upon which relief could be granted. In order to proceed IFP, Land must show that he is a pauper and that his appeal is taken in good faith, involving nonfrivolous issues. *See Carson v. Polley,* 689 F.2d 562, 586 (5th Cir.1982) 28 U.S.C. § 1915(a)(3).

To the extent that Land is challenging the defendants' actions relating to the validity of the original traffic stop, the district court properly determined that these claims were untimely. *See Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir.1995). To the extent that Land's challenges to his arrest and prosecution would call into question the validity of his convictions for resisting arrest and interference with public duties, such claims are premature because he has not obtained reversal or vacation of those convictions. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Land's contention that the individual defendants were aware of the illegality of their actions does not overcome the district court's findings that his claims against these defendants in their official capacities were barred by the Eleventh Amendment. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Because Land sought injunctive relief in the form of clearing his criminal record, the district court properly concluded that he was required to seek such relief in habeas rather than civil rights. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Preiser v. Rodriguez,* 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The district court properly held that Land had failed to allege sufficient facts from which it could conclude that the individual defendants were responsible for any excessive force violation Land suffered with respect to the actions taken against him by inmates or other officers while he was in jail. *See Ashcroft v. Iqbal,* 556 U.S. 662,

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

Although Land asserts that the district court made two factual errors in its analysis of his case, these had no bearing on the court's legal analysis and do not affect the validity of the ultimate rulings. He has not shown that he was entitled to an evidentiary hearing so that he could amend his original complaint, given that he was able to file a written amendment. *See Adams v. Hansen,* 906 F.2d 192, 194 (5th Cir.1990). To the extent that Land is arguing that the district court should have granted him leave to file a second amendment to his case before dismissing it, he had already been given an opportunity to plead his best case, and thus the district court did not commit reversible error in denying the motion. *See Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir.1986).

In addition, Land contends that his claims were properly presented under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because the defendants could have alleged that they were enforcing federal regulations at the time of their wrongful acts. *Bivens* permits a civil rights plaintiff to bring suit against a federal authority; it has no bearing on the nature of the claims or defenses raised. *See Stephenson v. Reno,* 28 F.3d 26, 26 & n. 1 (5th Cir.1994). The attempt by Land to extend *Bivens* to impose additional liability on civil rights defendants is conclusional and unavailing.

Land's appeal is without arguable merit and is thus frivolous. *See* 5th Cir. R. 42.2. Accordingly, Land's request for IFP status is DENIED, and his APPEAL IS DISMISSED. Land's motion to certify a question to the United States Supreme Court and the United States Attorney General is DENIED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.