**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH DINGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0994 (BAH) |
| | ) | |
| BENNIE THOMPSON, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JOSEPH DINGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0995 (BAH) |
| | ) | |
| THAD COCHRAN, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JOSEPH DINGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0997 (BAH) |
| | ) | |
| ALAN NUNNLEE, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JOSEPH DINGLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0998 (BAH) |
| | ) | |
| STEVEN PALAZZO, | ) | |
| | ) | |
| Respondent. | ) | |

JOSEPH DINGLER,             )
                                        )
            Petitioner,         )
                                          )
      v.                    )        Civil Action No. 12-0999 (BAH)
                                          )
ROGER WICKER,             )
                                        )
            Respondent.      )


JOSEPH DINGLER,             )
                                          )
            Petitioner,         )
                                          )
      v.                    )        Civil Action No. 12-1000 (BAH)
                                          )
GREGG HARPER,            )
                                        )
            Respondent.      )


## MEMORANDUM OPINION

Petitioner "pleaded guilty to one count of Cyberstalking in the Circuit Court of Desoto County, Mississippi, on May 25, 2010. He was sentenced to serve [48] days in the custody of the Mississippi Department of Corrections . . . and to serve one year and 317 days of post-release supervision." *Dingler v. Hood*, No. 2:10cv53, 2010 WL 4919607, at *1 (N.D. Miss. Nov. 29, 2010); *see* Pet. at 1.[1] He has filed six nearly identical petitions for writs of habeas corpus, each naming either a United States Senator or a United States Representative from the State of Mississippi as the respondent. In each pleading, petitioner has challenged the constitutionality of

---

[1] It appears that petitioner was charged with cyberstalking, a felony under Mississippi law, on April 16, 2009, and on May 25, 2010, was sentenced to "2 Years prison suspended to 48 days, 1 year and 317 days probation." Pet., Ex. 2 (excerpt of criminal record search).

the state statutes under which he was prosecuted. The Court, *sua sponte*, has consolidated these actions and, for the reasons stated below, denies the petitions.

"A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The Court may grant a writ of habeas corpus if a prisoner is "*in custody* in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Similarly, the Court may "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The proper respondent in a habeas corpus action is the petitioner's custodian who, generally, is the warden of the facility at which he is detained. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (describing the custodian as the person "with the ability to produce the prisoner's body before the habeas court"); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)); *see Nken v. Napolitano*, 607 F. Supp. 2d 149, 157 (D.D.C. 2009) (finding that proper respondent to habeas petition filed by an alien detained pending deportation is "the person responsible for maintaining -- not authorizing -- the custody of the prisoner").

To meet the "in custody" requirement, a petitioner must have been in custody at the time the habeas petition was filed. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citations omitted). He need not be incarcerated "so long as there were 'significant restrictions' placed on [his] liberty," *id.* (citing *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., Cal.*, 411 U.S. 349, 349 (1973), such that a petitioner "who is on parole, probation, supervised release, or released on bail is deemed to be 'in custody' for habeas purposes." *Id.* (citations omitted). In this case, there is no indication that petitioner currently is in custody – it

does not appear that he is incarcerated or under supervision at this time. A petitioner who is not in custody is not entitled to habeas relief. *See, e.g., Penland v. Mabus*, 643 F. Supp. 2d 14, 20 (D.D.C. 2009) (stating that "habeas relief is not available once the serviceman [convicted in a general court-martial] is no longer imprisoned and has been discharged from service"); *see also Spencer v. Kemna,* 523 U.S. 1, 7 (1998) ( "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained.") (citation omitted).

Even if petitioner were able to meet the "in custody" requirement, the petition is not properly heard in this district court. A "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also McLaren v. United States,* 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoner is incarcerated). Neither petitioner nor his custodian is located in this district.

Accordingly, the Court will deny these consolidated petitions for writs of habeas corpus and will dismiss this action.[2] An Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*

---

[2]    Insofar as petitioner seeks to clear his criminal record, *see* Pet. at 14, presumably he may seek habeas relief in the appropriate federal district court. *See Land v. Stone*, 442 F. App'x 905, 906 (5th Cir. 2011) (per curiam) (affirming district court's conclusion that appellant who "sought injunctive relief in the form of clearing his criminal record . . . was required to seek such relief in habeas"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

BERYL A. HOWELL

DATE: July 16, 2012