# United States Court of Appeals for the Fifth Circuit

---

No. 22-50743
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2023

Lyle W. Cayce
Clerk

Tristan Michael Hyde,

*Plaintiff—Appellant*,

*versus*

Tom S. Whitehead, Incorporated; Washington County, Texas; Washington County Sheriff's Department; Otto H. Hanak, *Sheriff*; The State of Texas; KWHI,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-252

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Hyde appeals the dismissal of his § 1983 action. We AFFIRM.

On March 9, 2022, Tristan Michael Hyde, proceeding pro se and in forma pauperis, filed an action under 42 U.S.C. § 1983. As relevant to this appeal, Hyde primarily alleged that Defendants-Appellees violated his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

constitutional rights by posting online mugshots and allegedly false statements indicating that he was a fugitive from justice. On May 9, 2022, the magistrate judge recommended dismissal of Hyde's case. The district court adopted the magistrate judge's recommendation on July 28, 2022. Hyde, still proceeding pro se, raises five arguments on appeal. We liberally construe Hyde's arguments, which we consider below. *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021).

First, Hyde argues that the district court erred by not allowing him to amend his original complaint. We review a denial of leave to amend for abuse of discretion. *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023). Hyde did not file a formal motion to amend his complaint, but we will liberally construe his opposition to the magistrate judge's report as such a motion. On appeal, he argues only that his "original complaint reflects a liberal filing" because the Walton County Sheriff's Office (not a party to this appeal) denied his right to exercise an unspecified constitutional right to allow Hyde "to exercise another constitutional right at the time of his filing" of the original complaint. He does not explain how this relates to a denial of leave to amend nor how such a denial would constitute abuse of discretion by the district court. We thus decline to credit his unsubstantiated and forfeited argument. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992) (holding forfeiture for failure to provide "any analysis whatsoever").

Second, Hyde argues that his June 19, 2012 voluntary waiver of extradition should be deemed a request for final disposition pursuant to the Interstate Agreement on Detainers ("IAD"). Briefly, Article III(a) of the IAD imposes a 180-day time limit on the jurisdiction lodging the initial detainer for bringing a prisoner to trial, *see Fex v. Michigan*, 507 U.S. 43, 45 n.1 (1993); here, this jurisdiction is Lincoln County, New Mexico. This period begins after a "request for final disposition" is delivered to the court and the prosecuting officer of said jurisdiction. *Id* at 52. Hyde argues that his

waiver of extradition should be considered a "request for final disposition" that started the 180-day clock and that the Lincoln County authorities should have dismissed his charge of fraud. But no Lincoln County-associated entities are named in this suit. Accordingly, Hyde lacks standing to bring this claim because he cannot show "that the injury was likely caused by the defendant." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Third, Hyde argues that he was not a fugitive from justice from Dekalb County, Alabama following his March 2015 release from the Texas Department of Criminal Justice. Specifically, Hyde argues that when he was arrested in May 2015, he was notified of a detainer erroneously listing him as a fugitive from justice. This claim is time-barred. In construing the statute of limitations for § 1983 actions, federal courts use the forum state's general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the applicable limitations period is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages that form the basis of the action. *Piotrowski v. City of Hous.*, 51 F.3d 512, 516 (5th Cir. 1995). Hyde knew of the notification of detainer in May 2015, and his limitations period on this claim thus expired two years later in May 2017. His filing of the complaint in March 2022 places him well outside of the relevant statute of limitations.

Fourth, Hyde challenges the constitutionality of Defendant-Appellee KWHI's mugshot and article describing him as a fugitive from justice. To the extent this argument is separate from his § 1983 cause of action, such an argument was not made in the district court and is thus forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). And to the extent this argument is part of his § 1983 cause of action, Hyde cannot succeed because he has not sufficiently established that KWHI, a radio station, is a state actor.

"To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Hyde has not sufficiently alleged that KWHI was acting under color of law. He provides only conclusory, unsubstantiated allegations of a KWHI-state conspiracy, which is insufficient to show non-state actor liability under § 1983. *Id.*

Fifth, Hyde argues that § 552.028 of the Texas Government Code is unconstitutional and a violation of the Freedom of Information Act. These arguments are forfeited for failure to provide any reasoning or analysis. *Green*, 964 F.2d at 371.

For the foregoing reasons, we AFFIRM.