# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31087
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2015

Lyle W. Cayce
Clerk

DERRICK DEWAYNE DAVIS,

Plaintiff-Appellant

v.

PAT THOMAS, Medical Director at Winn Correctional Facility in her individual capacity; ALPHONSO PACHECO; TIM WILKINSON; CORRECTIONS CORPORATION OF AMERICA,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-938

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Derrick Dewayne Davis, Louisiana prisoner # 126965, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that officials at the Winn Correctional Center (WCC) had shown deliberate indifference to his serious medical needs when they improperly administered penicillin to him. He also filed several amended complaints regarding the adequacy of the care he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received for his complaints of headaches and pain in his hip and lower back. The district court dismissed the claim regarding the improper administration of penicillin with prejudice as frivolous and for failure to state a claim, but it retained Davis's other claims and appointed counsel to represent Davis under 28 U.S.C. § 1915(e)(1). Counsel filed a second supplemental and amended complaint reiterating Davis's claims regarding his headaches, hip pain, and lower back pain, and all of Davis's other amended complaints were stricken. Ultimately, the district court granted the defendants' motion for summary judgment and dismissed Davis's remaining claims with prejudice. Davis now appeals, moving for the appointment of counsel on appeal and for leave to file his reply brief out of time. These motions are denied.

We review the grant of a motion for summary judgment de novo. *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 476 (5th Cir. 2014). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

In his appellate brief, Davis makes no mention of his claims regarding the improper administration of penicillin, or the adequacy of the treatment he received for his headaches or his hip pain. He mentions his headaches fleetingly in his unfiled reply brief, but, even if that brief had been timely filed, we do not consider issues raised for the first time in a reply brief. *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002). Even pro se litigants must brief

arguments in order to preserve them; because Davis has not addressed these claims in his opening brief, he has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The summary judgment evidence shows that just before arriving at WCC, a full set of lumbar spine x-rays showed that Davis had degenerative disc disease with narrowing of the disc space in the lumbosacracal area and that he was instructed to perform light range-of-motion exercises. Upon arriving at WCC, Davis was given compound duty, allowed the use of a crutch and/or a cane, given a bottom bunk, and restricted from sports activities due to his back pain. He was seen frequently for his complaints of lower back pain, the orders regarding the crutch and cane were changed frequently, and he was prescribed medication to help manage the pain. Davis requested that more x-rays be done but was told that further radiologic examination was not indicated. On appeal, Davis does not dispute that he was given pain medication or that he was seen frequently for back pain. Instead, he contends that this treatment was ineffective and asserts that his back pain continues. He also contends that an MRI of his lower back that was ordered in 2005 still has not been done. The document to which he refers, however, simply states that an MRI is "the study of choice" if further information regarding the lumbar spine discs was desired. Davis's arguments amount to a disagreement with the level of care that he has received. That disagreement is simply not enough to prevail on a claim of deliberate medical indifference. *See Gobert*, 463 F.3d at 346; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the district court properly granted the defendants' motion for

No. 14-31087

summary judgment and dismissed the claims that were raised in Davis's original and second supplemental and amended complaints.

Davis devotes much of his appellate brief and his unfiled reply brief to arguing that in January 2009, Dr. Pacheco performed an unauthorized surgery on Davis's pilonidal cyst at the WCC.  Davis asserts that the surgery site became badly infected and that he had to be hospitalized as a result.  This particular claim of deliberate indifference and the facts attendant to the claim were not properly presented to the district court in the complaints that were considered, *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992), and we do not consider claims raised for the first time on appeal, *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Finally, Davis maintains that he received ineffective assistance from the attorney appointed to represent him in the district court and that he believes it is illegal for his case to have been reassigned from one district court judge to another just a mere two weeks before the entry of judgment.  As there is no Sixth Amendment right to the effective assistance of counsel in civil litigation, we do not consider Davis's allegations of error by counsel.  *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).  With respect to the reassignment of Davis's case, it was authorized by statute, *see* 28 U.S.C. § 137, and the record does not indicate any impermissible reason for the reassignment.

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.