# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2024

Lyle W. Cayce
Clerk

No. 23-10845

Tracey Harris Coomer,

*Plaintiff—Appellant*,

*versus*

Mark Roth; Warden Arnold; Daisha B. Simmons; Dawn A. Andersen; Mickenzie M. Gill; Julie A. Marguez; Charles Hufford; Shane Hembree; Major NFN Ivey; Sergeant Anthony R. Marquez,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-121

_____

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

*Pro se* prisoner Tracey Harris Coomer alleged prison officials unlawfully confiscated his property in retaliation for his filing multiple grievances. The district court granted the officials summary judgment. Because Coomer's claims are time-barred, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10845

I.

From May 2015 through March 2016, Coomer filed several grievances alleging, *inter alia*, that prison officials had confiscated some of his personal property as contraband and denied him access to the prison law library.[1] For the last of these complaints, Coomer filed his Step 1 grievance on March 2, 2016, to which prison authorities responded on April 4, 2016. Coomer then filed his Step 2 grievance on April 19, 2016, which prison authorities denied on May 19, 2016.

Over two years later, on June 22, 2018, Coomer sued various prison officials under 42 U.S.C. § 1983, alleging unlawful retaliation. With leave of court, Coomer filed an amended complaint adding new parties.

The district court dismissed Coomer's amended complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(a). It found Coomer's claims barred by the applicable two-year statute of limitations and, alternatively, frivolous. Coomer timely appealed. A panel of this court vacated the judgment in part and remanded, holding that Coomer's claims were not frivolous and that he should be allowed to develop facts "regarding the timeliness of his claims." *See Coomer v. Roth*, 2022 WL 73045, at *1 (5th Cir. Jan. 7, 2022).

---

[1] Prisoners may not sue under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Coomer is in custody of the Texas Department of Criminal Justice ("TDCJ"), "the TDCJ grievance procedures—which are laid out in Texas' Offender Orientation Handbook—govern." *Williams v. Estelle Unit Prison Offs.*, 2024 WL 3026778, at *3 (5th Cir. June 17, 2024). The Handbook requires prisoners to file Step 1 and Step 2 grievances and to receive responses from prison officials for each Step before filing suit. *See Ramirez v. Collier*, 595 U.S. 411, 421–22 (2022) (quoting TDCJ, Offender Orientation Handbook 73–75 (Feb. 2017)). Coomer did not file Step 2 grievances for several of his claims. Accordingly, these claims have not been exhausted and are not before us.

No. 23-10845

On remand, Defendants moved for summary judgment. The magistrate judge recommended granting the motion because Coomer's claims were time-barred and, alternatively, because Defendants were entitled to qualified immunity. Adopting the magistrate judge's recommendation, the district court entered judgment for Defendants. Coomer again timely appealed.

## II.

"We review the district court's grant of summary judgment *de novo*, applying the same standard as did the district court." *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603–04 (5th Cir. 2008). "Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442–43 (5th Cir. 2009); *see also* Fed. R. Civ. P. 56(a). Competent evidence includes sworn affidavits and declarations, Fed. R. Civ. P. 56(c), as well as documents and pleadings "made 'under penalty of perjury' and verified as 'true and correct.'" *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013) (quoting 28 U.S.C. § 1746(2)). While we view the evidence "in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor," *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328–29 (5th Cir. 2017), "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## III.

On appeal, Coomer argues his claims were timely. Specifically, he contends the limitations period did not resume running on May 19, 2016,

when his Step 2 grievance was denied, but rather on June 30, 2016, when he alleges he received notice of the denial. As a result, Coomer argues his June 22, 2018 filing came within the applicable two-year limitations period. We disagree.[2]

The forum state's personal-injury limitations period applies to § 1983 claims. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). In Texas, that is "two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a). When the claim accrues, however, is a federal law question. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Accrual occurs "when a plaintiff has 'a complete and present cause of action.'" *Ibid.* (quoting *Wallace*, 549 U.S. at 388). So, limitations "begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (quoting *Russell v. Board of Trustees*, 968 F.2d 489, 493 (5th Cir.1992)).

Finally, state law governs the tolling of the limitations period. *Walker*, 550 F.3d at 415. Texas "tolls the running of the limitations period when a person is prevented from exercising a legal remedy by the pendency of legal proceedings." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). This rule

---

[2] In his reply brief, Coomer makes additional arguments that the accrual date should be later than May 19, 2016, but these were not addressed in his opening brief. *See Davis v. Thomas*, 615 F. App'x 240, 241 (5th Cir. 2015) (mem.) ("[W]e do not consider issues raised for the first time in a reply brief." (citing *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002))). Accordingly, Coomer has forfeited these arguments. *See ibid.* (citations omitted); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (although *pro se* briefs are afforded liberal construction, even *pro se* litigants must adequately brief arguments to preserve them).

applies "where a state prisoner is required to exhaust state remedies before proceeding with a claim in federal court." *Ibid.* (citation omitted).

Coomer's cause of action accrued at the latest on February 23, 2016, when he alleged officials re-confiscated his typewriter. *Piotrowski*, 51 F.3d at 516.[3] He filed his Step 1 grievance on March 2, 2016, meaning limitations had run for one week before being tolled. *Gartrell*, 981 F.2d at 257. Tolling continued while Coomer exhausted administrative remedies, *ibid.*, which ended when his Step 2 grievance was denied on May 19, 2016.

Coomer argues he did not receive notice of this denial until June 30, 2016. But he "includes no record citation in [his] opening brief to support that assertion, as the rules require." *Wright v. United Parcel Serv., Inc.*, 842 Fed. Appx. 869, 872 n.2 (5th Cir. 2021) (citing Fed. R. App. P. 28(a)(A)). Coomer therefore forfeits this argument. *Id. See also Arredondo v. Univ. of Tex. Med. Branch*, 950 F.3d 294, 297-99 (5th Cir. 2020) (rejecting appellant's arguments for "failure to cite to the record in his opening brief").

Accordingly, the district court correctly dismissed Coomer's claims as time-barred.[4]

AFFIRMED.

---

[3] Coomer's cause of action likely accrued much earlier. In his first grievance filed in May 2015, he describes the alleged confiscation of his property as occurring in April 2015. *Piotrowski*, 51 F.3d at 516.

[4] We therefore need not address whether Defendants merited qualified immunity.