# United States Court of Appeals
# for the Fifth Circuit

--------

No. 24-50487

--------

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

Yolanda M. Williams,

*Plaintiff—Appellant*,

*versus*

Austin Police Department,

*Defendant—Appellee*.

--------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1510

--------

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-appellant, Yolanda M. Williams, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a civil rights complaint against the Austin Police Department after its officers forcibly removed her from an airport restroom. The district court dismissed her complaint as frivolous under 28 U.S.C. § 1915(e)(2) because it was time barred and insufficiently plead. We affirm.

I.

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50487

On December 5, 2021, Williams was in a women's restroom near baggage claim at the Austin Bergstrom International Airport in Austin, Texas. She had seemingly been living at the airport for at least two weeks.[1] After an airport employee told Williams she could not stay at the airport if she was not traveling and asked for Williams's name, Williams allegedly hit the airport employee with a luggage cart. The airport employee called the police and Austin Police Department officers were dispatched to the airport restroom. The police officers entered the restroom where Williams was and repeatedly asked for her name. Eventually, Williams was arrested for failure to identify herself. She was placed in two sets of handcuffs after complaining of shoulder pain. And after complaining that she was going to throw up, Williams was transported to the hospital by emergency medical services. The officers received permission to "unarrest" her around this time.

On December 11, 2023, Williams filed the underlying lawsuit against the Austin Police Department. Specifically, she filed a civil rights lawsuit on the grounds that she was "wrongfully detained and arrest[ed] with unnecessary use of excessive force." She also filed a motion to proceed IFP, which triggered a referral of her case to a magistrate judge. The magistrate judge granted Williams's motion to proceed IFP and proceeded to consider whether Williams's complaint should be dismissed under § 1915(e)(2). After concluding that the Austin Police Department was not an entity that could be sued, the magistrate judge construed Williams's claim as against the City of Austin. Because the magistrate judge found that Williams's claim was time barred and that Williams had failed to plead adequately a *Monell* claim

---

[1] Whether and how long Williams had been living in the airport is unclear from the record. Although Williams states that she was not using the airport for "dwelling purposes" and that she had been in Austin, Texas "less than 60 days," the airport employee who ultimately reported Williams told police that she had seen Williams at the airport in the two weeks leading up to December 5, 2021.

against the City of Austin, the magistrate judge issued a report and recommendation advising that Williams's lawsuit be dismissed as frivolous under § 1915(e)(2). In response, Williams filed a motion to reinstate her case and an amended complaint, which the district court judge construed as objections to the magistrate judge's report and recommendation. Ultimately, the district court judge overruled Williams's objections, adopted the magistrate judge's report and recommendation, and dismissed Williams's case with prejudice. Williams timely appealed.

## II.

"We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (citation omitted). A complaint is considered frivolous under this section "if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998) (per curiam). Notably, a district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of the complaint that the claims asserted are time barred. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

## III.

On appeal, Williams, citing Texas Civil Practice and Remedies Code § 16.003(b), argues that her complaint is not time barred because she is not deceased.[2]

The applicable statute of limitations in a 42 U.S.C. § 1983 civil rights action is the forum state's general personal injury limitations period. *Rotella*

---

[2] Williams also asserts that she has not failed to state a claim. Because the statute of limitations issue is dispositive, however, we need not reach this argument.

*v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  In Texas, that is "two years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code § 16.003(a).

Federal law, not state law, governs when the claim accrues, however. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  Accrual occurs "when a plaintiff has 'a complete and present cause of action.'"  *Ibid.* (quoting *Wallace*, 549 U.S. at 388).  Thus, a statute of limitations "begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)).

Whether Williams is deceased has no bearing on her case because it is not a wrongful death case and, even if it were, federal law determines the date of accrual—not § 16.003(b).  *See Walker*, 550 F.3d at 414.  *Compare* Tex. Civ. Prac. & Rem. Code § 16.003(a) (indicating that personal injury lawsuits must be brought no later than two years after the cause of action accrues), *with* Tex. Civ. Prac. & Rem. Code § 16.003(b) (indicating that lawsuits involving an injury resulting in death accrue on the date of the injured person's death and must be brought within two years of that death).  Death is therefore not a prerequisite for Williams's cause of action to have accrued or for the statute of limitations on her cause of action to have expired.

Williams possessed sufficient information to know that she suffered an injury on December 5, 2021, the date of her airport encounter with the Austin Police Department.  *See Piotrowski*, 51 F.3d at 516.  Thus, the statute of limitations on her § 1983 action expired on December 5, 2023.  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).  Williams concedes, however, that she filed her case on December 11, 2023.  Accordingly, because Williams filed the underlying lawsuit more than two years after the accrual date of her

No. 24-50487

claim, her lawsuit is time barred.  The district court therefore did not abuse its discretion in dismissing Williams's claim as frivolous under § 1915(e)(2).

## IV.

In sum, the district court correctly dismissed Williams's lawsuit as frivolous and the judgment is, in all respects,

AFFIRMED.